892

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MORGAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 2, 1963 after a jury trial, convicting him of robbery in the third degree, grand larceny in the first degree and assault in the second degree, and imposing sentence upon him as a second felony offender. Judgment affirmed. In our opinion, there was ample corroboration of the testimony of the accomplice (cf. *People* v. *Dixon*, 231 N. Y. 111, 116; *People* v. *Kress*, 284 N. Y. 452, 460; *People* v. *Watford*, 19 A D 2d 731), and defendant's guilt was clearly established. We find no reversible error in the limited cross-examination of defendant concerning a shooting. The subject was introduced by the defendant in the first instance; and the court in any event instructed the jury to disregard the matter. We are also of the opinion that any error in the defendant's cross-examination with respect to his prior convictions was not prejudicial and may be disregarded under section 542 of the Code of Criminal Procedure (cf. *People* v. *Kingston*, 8 N Y 2d 384, 387). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAFAEL NEGRON, Appellant.— On July 9, 1964 this court affirmed a judgment of the former County Court, Kings County, rendered October 20, 1961 after a jury trial, convicting this defendant of burglary in the third degree and petit larceny, and imposing upon him as a second felony offender a sentence of 5 to 10 years on the burglary count and suspending sentence on the petit larceny count (21 A D 2d 904). Thereafter, on March 18, 1965 the Court of Appeals reversed the order of this court, holding that on an appeal the Appellate Division has the power to suspend execution of the sentence, regardless of whether the statute prescribes a minimum term for the offense of which the defendant was convicted and regardless of whether the defendant has actually commenced serving the sentence originally imposed by the trial court. At the same time the Court of Appeals remitted the action to this court " for such further proceedings with respect to the sentence " as this court " may in its discretion take " (15 N Y 2d 914). Accordingly, we have now considered the sentence and have concluded, based on the facts previously stated by Mr. Justice HILL in his dissenting memorandum (21 A D 2d 904), that the execution of the 5-to-10-year sentence originally imposed upon this defendant should be suspended at least with respect to the unserved portion of the sentence  The judgment is modified on the law and the facts by suspending execution of so much of the sentence on the burglary count as still remains to be served. As so modified, the judgment is affirmed. The defendant should be released promptly from custody. Beldock, P. J., Christ, Brennan and Hill, JJ., concur. (Republished, see 23 A D 2d 886.)